[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14963
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00074-CV-CDL-4

RICHARD JEROME HAMMONDS,

Plaintiff-Appellant,

versus

MARK SHELLNUT, LLC,
JOHN G. COGNER,
personally and in his professional capacity,
ROBERT B. BRICKERSTAFF,
personally and in his official capacity,
EDWIN ALBRIGHT,
Esq.,
THE METRO NARCOTICS TASK FORCE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 12, 2010)

Before EDMONDSON, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Richard Jerome Hammonds, a federal prisoner, appeals the dismissal of his *pro se* 42 U.S.C. § 1983 complaint as barred by the applicable statute of limitations. On appeal, Hammonds alleges that the defendants violated his Fourth Amendment and due process rights by improperly confiscating and retaining his personal property following a forfeiture hearing in state court.

Federal courts look to state law to determine the applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). In Georgia, the applicable statute of limitations for personal injury actions is two years. O.C.G.A. § 9-3-33. To determine when the cause of action accrues, we look to when the plaintiff knew or should have known of his injury and its cause. *Rozar*, 85 F.3d at 561-62.

Upon careful review of the record and consideration of Hammonds's brief, we affirm, finding no error in the district court's conclusion that Hammonds's claims were barred by the 2-year statute of limitations for personal injury actions. Thus, Hammonds's complaint failed to state a claim upon which relief could be granted. Pursuant to 28 U.S.C. § 1915A, a district court must dismiss the

2

complaint of a prisoner if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Accordingly, the district court properly dismissed Hammond's complaint.

**AFFIRMED.**